IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> PRINCE L. SPELLMAN, <br><br> Defendant. | 8:21-CR-136 <br><br> MEMORANDUM AND ORDER ON MOTION FOR EVIDENTIARY HEARING AND MOTION FOR PRODUCTION OF JURY DATA |

This matter is before the Court on Defendant Prince L. Spellman's Motion for Evidentiary Hearing, Filing 180, and Motion for Production of Jury Data. Filing 183. The Court denies these Motions.

## I.  MOTION FOR EVIDENTIARY HEARING

In his Motion for Evidentiary Hearing, Spellman requests that the Court hold an evidentiary hearing so that he may present evidence that the Government withheld exculpatory information from him. Filing 180 at 1. Specifically, Spellman argues that the current state of his cellphone, which was turned over to his relatives after trial, shows that law enforcement tampered with his phone to prevent him from extracting "GPS" data to use for his defense. Filing 180 at 2–3. Spellman asserts that the GPS data would show where he was the night of a shots-fired investigation that ultimately led to law enforcement pulling over the vehicle he was driving. Filing 180 at 2–3. Armed with this information, Spellman contends that he could have suppressed all the evidence uncovered during his traffic stop. Filing 180 at 2–3.

This Court has wide discretion in deciding whether to hold an evidentiary hearing when a criminal defendant asserts newly discovered evidence warrants a new trial. *See United States v. Baker*, 479 F.3d 574, 579 (8th Cir. 2007) ("'The district court has wide discretion' with regard to

1

such requests." (quoting *United States v. Preciado*, 336 F.3d 739, 747 (8th Cir. 2003))). "The court is required to hold a hearing only in 'exceptional circumstances,' and . . . the need for an evidentiary hearing is lessened where, as here, the motion is decided by the district judge who presided at trial." *United States v. Glinn*, 965 F.3d 940, 942 (8th Cir. 2020). No hearing is required when the defendant fails to show that the hearing is likely to produce new, admissible evidence that would "probably produce an acquittal." *Id.* at 942–943.

The Court will not hold an evidentiary hearing. The Court previously determined in its Order on Spellman's Motion for New Trial that Spellman's cellphone was not newly discovered evidence warrant a new trial. As the Court summarized, the information about Spellman's cellphone was not material to any issue at trial because the reasons for officers stopping the vehicle he was driving had nothing to do with whether Spellman knowingly possessed narcotics with the intent to distribute them and whether he knowingly possessed a firearm. Filing 181 at 23. Even if Spellman's "evidence" regarding his cellphone could be used to impeach the officers who conducted the shots-fired investigation (if the Court would have allowed such impeachment), this is insufficient to obtain a new trial because "evidence that merely impeaches is not material." *United States v. Erickson*, 999 F.3d 622, 631 (8th Cir. 2021). Impeaching evidence on why the officers identified Spellman's vehicle does not provide exceptional circumstances necessitating an evidentiary hearing. *See United States v. Carlson*, 613 F.3d 813, 818 (8th Cir. 2010) (holding that because the only evidence in support of a motion for a new trial was "impeaching evidence on a collateral matter," the district court did not have to hold an evidentiary hearing). Because a hearing regarding his cell phone would not be likely to produce new, admissible evidence that would probably lead to Spellman's acquittal, the Court declines Spellman's request for an evidentiary

hearing. The Court notes that there are other reasons Spellman's motion in this regard should be denied that the Court does not need to address given its above ruling.

## II. MOTION FOR PRODUCTION OF JURY DATA

In his Motion for Production of Jury Data, Spellman request that the Court order the Clerk of the Court to provide information about the jury-selection process from the last four years. Filing 183 at 1. Spellman specifically references 28 U.S.C. § 1867 as the basis for his Motion, which permits criminal defendants to dismiss an indictment or stay proceedings "on the ground of substantial failure to comply with the provisions of [Title 28] in selecting the grand or petit jury." 28 U.S.C. § 1867(a). The statutory provision allows criminal defendants to access "[t]he contents of records or papers used by the jury commission or clerk in connection with the jury selection process" to prepare for filing a motion challenging the jury-selection process. *Id.* at § 1867(f); *see Test v. United States*, 420 U.S. 28, 30 (1975).

Importantly, there is a strict deadline for challenges against the jury-selection process. A criminal defendant must move pursuant to § 1867 "before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier . . . .". 28 U.S.C. § 1867(a). Otherwise, the motion is time-barred. *See United States v. Jones*, 687 F.2d 1265, 1269 (8th Cir. 1982) (holding that a defendant who failed to object before the voir dire examination began was barred from asserting a motion under § 1867). Trial in this matter began on September 27, 2022, and Spellman did not file the current motion indicating his desire to challenge the jury-selection process until November 16, 2022. Filing 143 (text minute entry); Filing 183. His motion for jury records is therefore untimely. *See United States v. Jones*, 533 F. App'x 291, 299–300 (4th Cir. 2013) (holding that a motion for discovery under § 1867(f) made two weeks after trial was untimely); *United*

3

*States v. Siceloff*, 451 F. App'x 183, 186 (3d Cir. 2011) (holding that the district court properly denied request to inspect the list of grand jurors because he failed to do so "within the time allotted for pretrial motions"); *United States v. Ramos*, 310 F. App'x 681, 682 (5th Cir. 2009) (holding that a motion to inspect jury list six years after the conclusion of trial was untimely).

The Court recognizes Spellman's *pro se* status, but as it has repeated throughout these proceedings "[p]ro se litigants are not excused from compliance with substantive and procedural law . . . .". *United States v. Hill*, 31 F.4th 1076, 1081 (8th Cir. 2022) (quoting *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986)). The Court denies Spellman's motion as time-barred.

### III.     REPRESENTATION AT SENTENCING

The Court has twice requested that Spellman inform the Court if he wants appointed counsel to represent him at sentencing. Filing 170 (Text Order); Filing 176 at 2. The deadline to provide the Court with this information was October 21, 2022, which has long since passed. Sentencing is presently scheduled before the undersigned judge on January 4, 2023, at 11:00 a.m. Filing 153 (Text Minute Entry). The Court previously admonished Spellman, among other admonitions, that representing himself is inherently risky. The Court previously found that Spellman knowingly, intelligently, and voluntarily waived his right to counsel. The Court reiterates that Spellman is obligated to follow all court orders and court rules as he represents himself at sentencing. *See Hill*, 31 F.4th at 1081; *United States v. Luscombe*, 950 F.3d 1021, 1029 (8th Cir. 2020) ("[T]he right of self-representation is not . . . a license not to comply with relevant rules of procedural and substantive law." (quoting *United States v. Mabie*, 663 F.3d 322, 328 (8th Cir. 2011))).

4

## IV. CONCLUSION

For these reasons, the Court denies Spellman's Motion for Evidentiary Hearing and Motion for Production of Jury Data. Accordingly,

IT IS ORDERED:

1. Spellman's Motion for Evidentiary Hearing, Filing 180, is denied;

2. Spellman's Motion for Production of Jury Data, Filing 183, is denied;

3. The Clerk of the Court is directed to terminated Filing 182 as a pending motion because it is actually Spellman's reply brief in support of his already resolved Motion for a New Trial.

Dated this 2nd day of December, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge