IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21-CR-136 |
| vs. | ORDER |
| PRINCE SPELLMAN, | |
| Defendant. | |

    The defendant was sentenced to 450 months' imprisonment after a jury convicted him of drug and firearm offenses. Filing 195 (Judgment). The Eighth Circuit Court of Appeals affirmed, Filing 237, and the Supreme Court denied the defendant's petition for writ of certiorari, Filing 246. This matter is before the Court on the defendant's *pro se* Motion for Copies and Clarification that includes three requests: (1) for forms related to a petition under 18 U.S.C. § 2255; (2) for clarification on his deadline for filing such a petition; and (3) for copies of suppression hearing exhibits. Filing 245. The defendant's Motion is granted in part and denied in part as set forth below.

    The defendant first requests "instructions on this court's 2255 local form and any form necessary to such filing, such as IFP form and 2255 template." Filing 245 at 1. This request has already been fulfilled. See Filing 289 at 1 (clerk's notation indicating that "copies of 2255 motion form, IFP mailed to the address on the envelope on 5/2/2025," the same date the present Motion was received). This first request is therefore denied as moot.

    The defendant's second request is for the "deadline for filing a 2255 motion with this court." Filing 245 at 1. Rule 3(c) of the Rules Governing Section 2255 Proceedings provides, "The time for filing a motion is governed by 28 U.S.C. § 2255 para. 6." *See also United States v. Ponce de Leon*, No. 14-CR-197-PP, 2018 WL 4954160, at *1 (E.D. Wis. Oct. 12, 2018) ("There are time deadlines for filing motions under § 2255; the defendant should consult § 2255(f) for those

1

guidelines."). The defendant should consult the Rules Governing Section 2255 Proceedings as well as 28 U.S.C. § 2255(f) to determine the applicable deadline in this case. To the extent the Court referred the defendant to the applicable statute, the defendant's request for clarification is granted.

The defendant's third and final request is for five exhibits from his suppression hearing, Filing 245 at 1, but this request is premature. Courts routinely treat prepetition requests for documents—including documents and exhibits that are already part of the record—under Rule 6 of the Rules Governing Section 2255 Proceedings, which governs discovery. *See United States v. Navarrete*, No. 8:16-CR-248, 2022 WL 16837042, at *1 (D. Neb. Nov. 9, 2022) (applying Rule 6 to a prepetition request for "all documents pertaining to the defendant's case, including trial transcripts" (cleaned up)); *United States v. Cuya*, 964 F.3d 969, 972 (11th Cir. 2020) (applying Rule 6 to a prepetition request for "transcripts, indictments, search warrants, or other records"). "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2004) (citing *Bracy v. Gramley*, 520 U.S. 899, 994 (1997)); *see also Cuya*, 964 F.3d at 973 (providing that "discovery in habeas actions is more limited than in other civil cases" (emphasis in original)). Consistent with the limited nature of discovery in proceedings under 28 U.S.C. § 2255, this Court previously concluded that it "cannot order discovery in a habeas proceeding before the habeas petition has been filed." *United States v. Navarrete*, 2022 WL 16837042, at *1. Prior Eighth Circuit rulings support this conclusion. *See United States v. Losing*, 601 F.2d 351, 351 (8th Cir. 1979) (per curiam) (affirming where "[t]he district court denied the motion [for 'pre-existing records'] for the reason that 'any request for a full transcript prior to the filing of a § 2255 complaint is premature'"); *United States v. Barnett*, 389 F. App'x 575, 575 (8th Cir. 2010) (unpublished) (finding "no basis for reversal" of "district court's order effectively denying [the defendant's] request for a copy of

an exhibit used at his sentencing hearing . . . because it is undisputed that [the defendant] had not filed a section 2255 motion at the time he requested the exhibit"); *United States v. Herrera-Zaragosa*, 84 F. App'x 728, 729 (unpublished) (8th Cir. 2004) (providing that a "petitioner is not entitled to transcript copies prior to filing a section 2255 motion"). Here, the defendant has not yet filed a petition for relief under 28 U.S.C. § 2255, which precludes the Court from ordering discovery related to such a petition. The request for documents is therefore denied. The Court will consider the merits of a motion seeking documents that is timely—that is, filed alongside or after a petition under 28 U.S.C. § 2255—under Rule 6 of the Rules Governing Section 2255 Proceedings, which requires "good cause" to order discovery. Accordingly,

IT IS ORDERED that the defendant's *pro se* Motion for Copies and Clarification, Filing 245, is granted in part and denied in part as set out above.

Dated this 27th day of May, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

3