IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PRINCE SPELLMAN,<br><br>Defendant. | 8:21-CR-136<br><br>**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO** 28 U.S.C. § 2255 |

In January 2023, the Court sentenced the defendant to a cumulative 450 months' imprisonment after a jury convicted him of drug and firearm offenses. Filing 195 (Judgment). This matter is before the Court to conduct an initial review of the defendant's pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Filing 248. Also before the Court are various other Motions submitted by the defendant in relation to his Motion to Vacate, Set Aside, or Correct Sentence. Filing 249 (Application to Proceed in District Court Without Prepaying Fees or Costs); Filing 250 (Placeholder Motion for Memorandum in Support of [§] 2255 [Motion]); Filing 252 (Motion for Discovery and Production of Dispatch Recordings and NCJIS Document); Filing 253 (Motion for Expansion of the Record). The defendant's sole ground in support of his Motion under 28 U.S.C. § 2255 alleges ineffective assistance of counsel related to a failed motion to suppress drug and firearm evidence collected during a traffic stop. Filing 248 at 4. For the reasons stated below, the defendant's Motion to Vacate, Set Aside, or Correct Sentence and other related motions are denied.

I.   BACKGROUND

On March 8, 2021, police officers responded to calls about shots being fired around the 2800 block of Fort Street in Omaha, Nebraska. Filing 60 at 21–22. 911 operators received multiple calls related to the shooting with varying descriptions of a suspect vehicle. Filing 60 at 22, 25, 47.

1

Officers at the scene observed a vehicle—a silver Jeep Cherokee with plate number WRF761—that approximated the description of the suspect vehicle. Filing 60 at 26, 29. Officers decided not to stop the vehicle because the driving behavior was normal and because of the different descriptions they had received of the suspect vehicle. Filing 60 at 28–30, 44, 47. Law enforcement officers subsequently questioned three witnesses, who each confidently identified the suspect vehicle as a silver Jeep Cherokee and provided the partial license plate number "WRX." Filing 60 at 33. Officers verified the type of Jeep the witnesses saw using pictures of Jeeps on a phone. Filing 60 at 31, 57.

The next day, an Omaha Police Detective, who had listened to the radio traffic of the shots-fired incident, was driving in an unmarked vehicle when he observed a silver Jeep Cherokee with the license plate number WRF761 and, based on what he remembered from the prior night's radio traffic, suspected the vehicle was related to the shooting. Filing 60 at 67, 76. Detective Martinez radioed officers in marked police vehicles, who initiated a traffic stop of the Jeep Cherokee. Filing 60 at 68. The defendant, who was driving, and two other occupants exited the vehicle. Filing 60 at 68–70. Officers identified visible marijuana crumbs on one of the passengers. Filing 60 at 72-73. A subsequent search uncovered narcotics on the defendant's person and in the vehicle, as well as a pink firearm on the rear floor of the Jeep behind the driver's seat. Filing 60 at 86, 73, 135, 104, 108, 111, 137–138.

On May 20, 2021, a grand jury returned a three-count Indictment against the defendant for drug-trafficking and firearm offenses. Filing 1. A few weeks later, the defendant retained counsel, Filing 14, whose performance he now challenges, Filing 248. The defendant then filed a Motion to Suppress on August 17, 2021. Filing 26. The Motion to Suppress requested that the Court suppress all physical evidence seized during the March 9, 2021, traffic stop. Filing 27 at 1–4.

According to the defendant, officers pulled him over based on an unsubstantiated hunch that he or his vehicle was involved in the shots-fired incident on March 8, 2021. Filing 27 at 3. Then-United States Magistrate Judge Susan M. Bazis held an evidentiary hearing on the defendant's Motion to Suppress and later recommended to the undersigned judge that it be denied. Filing 61. The Court adopted Judge Bazis's Findings and Recommendation in its entirety. Filing 75. The Court concluded that there was reasonable suspicion justifying the stop of the defendant's vehicle, rejected his contention that officers gave false testimony at the evidentiary hearing, and declined the defendant's request for a supplemental hearing to present new evidence about an alleged "wiretap." Filing 75 at 4–9.

On August 19, 2022, defense counsel moved to withdraw as counsel of record. Filing 79. During a hearing, the defendant indicated that he wanted to represent himself in this case. Filing 82 (audio file); Filing 84 (audio file). Magistrate Judge Bazis granted the request and allowed defense counsel to withdraw. Filing 83 (Text Minute Entry). Following a September 12, 2022, hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975), the Court entered an Order finding that the defendant knowingly, intelligently, and voluntarily waived his right to counsel. Filing 90 at 1–2.

This case proceeded to trial on the allegations contained in the three-count Second Superseding Indictment against Spellman. Filing 143 (Text Minute Entry). On September 30, 2022, the jury found the defendant guilty on all three counts in the Second Superseding Indictment. Filing 153 (Text Minute Entry); Filing 166. The Court sentenced the defendant to a cumulative 450 months' imprisonment. Filing 195 (Judgment). The Eighth Circuit Court of Appeals affirmed, Filing 237, and the Supreme Court denied the defendant's petition for writ of certiorari, Filing 246.

The defendant filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on June 16, 2025. Filing 248.

## II.   PRELIMINARY MATTERS

Before conducting initial review of the defendant's Motion under 28 U.S.C. § 2255, the Court will address the defendant's four other related motions. First, the defendant's Application to Proceed in District Court Without Prepaying Fees or Costs, Filing 249, is denied as moot because the defendant's *in forma pauperis* status has already been recognized, *see* Filing 203. Second, the defendant's Placeholder Motion for Memorandum in Support of [§] 2255 [Motion], Filing 250, is also denied as moot because the Court has received and will consider the defendant's memorandum, Filing 252.[1]

The defendant's third motion seeks leave for discovery. Filing 252. Rule 6(a) of the Rules Governing Section 2255 Proceedings provides, "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Good cause is absent here because the Court can—and will—rule on the defendant's Motion under 28 U.S.C. § 2255 based on the existing record, including the hearing transcript and briefing on the defendant's Motion to Suppress. Filing 26 (Motion to Suppress); Filing 27 (supporting brief); Filing 60 (hearing transcript). The defendant's Motion for Discovery and Production of Dispatch Recordings and NCJIS Document, Filing 253, is therefore denied.

The defendant's fourth motion seeks expansion of the record. Filing 253. Rule 7(a) of the Rules Governing Section 2255 Proceedings provides, "If the petition is not dismissed, the judge

---

[1] The defendant's Motion under 28 U.S.C. § 2255 and supporting memorandum are plainly timely. 28 U.S.C. § 2255(f) (establishing a "1-year period of limitation that "shall run from the latest of [ ] the date on which the judgment of conviction becomes final"); *Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari[.]"); Filing 246 (denial of the defendant's petition for writ of certiorari dated May 20, 2025).

may direct the parties to expand the record by submitting additional materials relating to the petition." This Motion is denied because the Court will dismiss the defendant's Motion under 28 U.S.C. § 2255 on initial review. Even if the defendant's Motion survived initial review, expanding the record would be inappropriate for the same reason discovery is unwarranted: this matter can be resolved on the existing record. Thus, the defendant's various Motions related to his Motion under 28 U.S.C. § 2255 are denied.

### III.   INITIAL REVIEW OF MOTION UNDER 28 U.S.C. § 2255

#### A.   The Defendant's Ground for Relief

The defendant's sole ground for relief pertains to defense counsel's allegedly ineffective assistance related to the defendant's Motion to Suppress, in violation of his Sixth Amendment rights. Filing 248 at 4. In the "Supporting facts" section of his Motion, the defendant states the basis for his claim, as follows:

1. <u>Failure to establish standing</u>: the record is completely barren of an attempt to satisfy Spellman's burden of showing he had a reasonable expectation of privacy.
2. <u>Counsel ineffectively introduced adverse evidence harmful to Spellman's defense</u>: The overall effect of exhibits 101, 102, 103 and 104 that counsel introduced during preliminary matters at the suppression hearing reduced the government's burden of proof, prejudiced Spellman's defense because the exhibits significantly contributed to the Court's reasonable suspicion findings, and absent counsel's help, what remains is conclusory testimony.
3. <u>Failure to Investigate</u>: Counsel failed to investigate Spellman's statements that the Jeep was not in the area the police claimed it was at the time of the shots-fired incident or the time police claim they followed the Jeep, an issue relevant to the basis for the stop.

Filing 248 at 4 (numbering and underlining in original, cleaned up).

#### B.   Applicable Standards

Under 28 U.S.C. § 2255, federal prisoners may ask the sentencing court to "vacate, set aside, or correct" a sentence upon a showing that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such

5

sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). The judge receiving a motion to vacate under 18 U.S.C. § 2255 must first determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court must order the United States to respond and consider holding a hearing. 28 U.S.C. § 2255(b); *see also* Rule 4(b) of the Rules Governing Section 2255 Proceedings. A court cannot accept a petitioner's allegations as true if "they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Walker v. United States*, 810 F.3d 568, 580 (8th Cir. 2016). Further, no hearing is necessary where "the record include[s] all of the information necessary for the court to rule on the motion." *Covey v. United States*, 377 F.3d 903, 909 (8th Cir. 2004).

Under the Supreme Court's test for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668, 686 (1984), courts consider "'whether counsel's performance was deficient,' and if so, whether prejudice resulted." *United States v. Harris*, 83 F.4th 1093, 1097 (8th Cir. 2023) (citations omitted). "Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." *O'Neil v. United States*, 966 F.3d 764, 770 (8th Cir. 2020) (quoting *Bass v. United States*, 655 F.3d 758, 760 (8th Cir. 2011)). The defendant must overcome "a strong presumption that counsel's performance was reasonable" and is only entitled to relief if the performance was "outside the wide range of reasonable professional assistance." *Love v. United States*, 949 F.3d 406, 409–10 (8th Cir. 2020). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* (citations omitted). To demonstrate prejudice, a defendant must "show that

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Paulson v. Newton Corr. Facility, Warden*, 773 F.3d 901, 904 (8th Cir. 2014) (internal quotation marks and citation omitted).

### C. The Defendant's Claim of Ineffective Assistance of Counsel Fails

Despite the defendant's claim to the contrary, defense counsel's performance in relation to the Motion to Suppress was not "deficient," nor was the defendant "prejudiced" by defense counsel's performance. The defendant first criticizes counsel's alleged "[f]ailure to establish standing." Filing 248 at 4. But neither the Government, the magistrate judge, nor this Court ever raised a lack of standing as an issue or a basis to deny the Motion to Suppress. *See* Filing 32 (Government's brief opposing suppression); Filing 61 (magistrate judge's Findings and Recommendation); Filing 65 (Government's response to objection to Findings and Recommendation); Filing 75 (this Court's Order denying the Motion to Suppress). Defense counsel's decision not to argue over the non-issue of standing was a "reasonable . . . strategic choice[ ]" and therefore not "deficient," considering that the Government conceded the issue. *Love*, 949 F.3d at 409–10. This decision is "virtually unchallengeable." *Id.* Moreover, the defendant was not "prejudiced" by defense counsel's decision not to raise standing, even if the failure to do so could be considered "deficient" performance. Because lack of standing was not a basis for denying the defendant's Motion to Suppress, "the result of the proceeding would [not] have been different" even if defense counsel had raised the issue. *Paulson*, 773 F.3d at 904.

The defendant's second allegation is that defense counsel introduced adverse evidence at the suppression hearing. Filing 248 at 4. These four exhibits include 911 calls, body camera footage, and an incident report, Filing 56, all of which demonstrate that the shooting witnesses did not identify the defendant's Jeep Cherokee with plate number WRF761, but instead other, distinct

7

albeit similar vehicles. Filing 60 at 14–17 (indicating witnesses described the shooter's vehicle as "a Mountaineer" or "an Envoy" with a plate number beginning with WRX). Defense counsel sought to use this information to undermine the Government's assertion that reasonable suspicion justified the traffic stop of the defendant's Jeep. Filing 60 at 18. The defendant argues in his brief,

> Exhibits 101, 102, 103 and 104 harmed Spellman's defense all of which were from the date of March 8, 2021, the date officers referred to in alleging they had reasonable suspicion to stop the Jeep. Typically the government would submit such evidence to meet its burden of proof by a preponderance of the evidence to show that the stop, search and seizure did not violate the Fourth Amendment. But not in this case because counsel took on that duty and reduced the governments burden of proof into simply proving that the search of the vehicle was lawful rather than holding the government to its entire burden of proof by a preponderance of the evidence that the stop, search and seizure did not violate the Fourth Amendment when the officers initiated contact with Spellman without a warrant.

Filing 251 at 19. This argument fails for several reasons. First, defense counsel's introduction of these exhibits in no way relieved the Government of its "modest burden required to satisfy the reasonable suspicion standard," *United States v. Slater*, 979 F.3d 626, 631 (8th Cir. 2020) (citation omitted), as the defendant seems to suggest. Second, the evidence introduced by defense counsel challenged the Government's claim of reasonable suspicion, even if the evidence ultimately failed to persuade the magistrate judge or this Court to rule in the defendant's favor. For these two reasons, defense counsel's strategy in introducing these exhibits was a "reasonable . . . strategic choice[ ]" and therefore not "deficient." *Love,* 949 F.3d at 409–10. And even if counsel's introduction of these exhibits constituted deficient performance, it did not prejudice the defendant. The magistrate judge and the Court credited the officer's testimony he was aware that a vehicle approximating the defendant's had been involved in a shooting the day prior. Filing 75 at 6. Based on this finding, the Court concluded that reasonable suspicion justified the traffic stop of the defendant's car. Filing 75 at 6. The Eighth Circuit agreed. Filing 236 at 2 ("The officers had

8

reasonable suspicion to stop [the defendant's] vehicle, as it met the description of a vehicle involved in a shots-fired incident.").

The defendant's third allegation is that "Counsel failed to investigate Spellman's statements that the Jeep was not in the area the police claimed it was at the time of the shots-fired incident or the time police claim they followed the Jeep, an issue relevant to the basis for the stop." Filing 248 at 4. The defendant is wrong that these claims are "relevant to the basis for the stop." To the contrary, the officer who initiated the traffic stop had reasonable suspicion based on what he remembered from the prior night's radio traffic—a description of the vehicle. Filing 60 at 67, 76. Knowledge of the reported vehicle that resembled the defendant's with a nearly identical license plate number made the officer reasonably suspicious that the defendant or one of his passengers was involved in a shooting the night before. "Reasonable suspicion does not require absolute certainty; rather, an officer must observe unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot." *United States v. Lawhorn*, 735 F.3d 817, 821 (8th Cir. 2013) (quoting *Terry v. Ohio*, 392 U.S. 1, 27 (1968)) (cleaned up). Because the defendant's precise whereabouts at the time of the shooting is irrelevant to the reasonable-suspicion inquiry, defense counsel's alleged "fail[ure] to investigate" this fact was not deficient performance, nor did it prejudice the defendant.

The defendant's claim of ineffective assistance of counsel fails to allege that defense counsel's performance was deficient and prejudicial. Rather, "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." See Rule 4(b) of the Rules Governing Section 2255 Proceedings. The defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is therefore denied on initial review.

9

## IV. CERTIFICATE OF APPEALABILITY

No appeal may be taken on an order denying a motion under 28 U.S.C. § 2255 unless a judge issues a certificate of appealability, which requires the appellant to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)–(2). To make "a substantial showing of the denial of a constitutional right" after the district court denies a constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, a petitioner is entitled to a certificate of appealability if the petitioner "shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Reasonable jurists would not find the Court's decision debatable. The defendant's Motion under 28 U.S.C. § 2255 is bereft of any allegations that defense counsel was deficient, or that defense counsel's performance prejudiced the defendant. Therefore, the Court will not issue a certificate of appealability.

## V. CONCLUSION

The defendant is not entitled to relief on his Motion under 28 U.S.C. § 2255, and his other related Motions are also denied. Accordingly,

IT IS ORDERED:

1. The defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 248, is denied;

2. The defendant's Application to Proceed in District Court Without Prepaying Fees or Costs, Filing 249, is denied as moot;

3. The defendant's Placeholder Motion for Memorandum in Support of [§] 2255 [Motion], Filing 250, is denied as moot;

4. The defendant's Motion for Discovery and Production of Dispatch Recordings and NCJIS Document, Filing 252, is denied;

5. The defendant's Motion for Expansion of the Record, Filing 253, is denied; and

6. A certificate of appealability will not issue.

Dated this 8th day of August, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge