IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>PRINCE L. SPELLMAN,<br><br>           Defendant. | 8:21-CR-136<br><br><br>ORDER ON MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL |

      This matter is before the Court on defendant Prince Spellman's *pro se* Motion for Extension of Time to File Notice of Appeal. Filing 257. The defendant indicates that he intends to appeal the Court's order denying his petition under 28 U.S.C. § 2255 and other accompanying motions. Filing 255. The defendant asserts that, "[a]s basis for the extension," he "did not receive a copy of the Courts [sic] order in Doc. 255 in a timely manner whereas to allow him to file a timely notice of appeal." Filing 257 at 1. Pursuant to Rule 11(b) of the Rules Governing Section 2255 Proceedings, "Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules." Federal Rule of Appellate Procedure 4(a)(1) provides, in turn, that when one of the parties is the United States, the "notice of appeal may be filed by any party within 60 days after the entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(B). Under Federal Rule of Appellate Procedure 4(a)(5),

    (A) The district court may extend the time to file a notice of appeal if:

        (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

1

>    (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A).

Here, the defendant filed his Motion for Extension of Time to File Notice of Appeal within 30 days after the time prescribed by Rule 4(a)(1)(B) expired. Thus, the Court may extend the time for the defendant to file a notice of appeal if the Court finds that the defendant has shown excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). The defendant argues that there is "good cause or excusable neglect for failing to timely file notice of appeal and COA, because the Clerk sending a copy [of the Court's order denying the defendant's § 2255 petition] by regular mail which did not reach Spellman and still did not reach Spellman is hinderance outside of Spellmans [sic] control." Filing 257 at 2. The defendant also asserts that "[c]urrently we are locked down because of staffing due to the government budget," and "[t]he law library has been closed, a couple of the cords to the type writers have been cut and the printers are currently out of paper to be able to prepare motions." Filing 257 at 2. The Court finds that the defendant has shown the good cause required under Rule 4(a) and will therefore grant the defendant's Motion. *See United States v. Ixta-Salazar*, No. 8:08CR326, 2012 WL 3889130, at *1 (D. Neb. Sept. 7, 2012) (explaining that the matter was before the district court on remand after the Eighth Circuit Court of Appeals had vacated the district court's order denying the defendant's motion to extend the time for filing a notice of appeal, even though the district court had denied the defendant's motion for an extension on the ground that the appropriate documents *had* been mailed to the defendant's address).

However, the Court notes that the defendant has already submitted a document to the Eighth Circuit that has been construed as a notice of appeal by the Clerk of this Court, Filing 258, so the Court does not set a new deadline for the defendant to file a notice of appeal. The Court further

notes that it did not issue a certificate of appealability in its order denying the defendant's § 2255 petition because it concluded that reasonable jurists would not find its decision debatable. *See* Filing 255 at 10.

IT IS ORDERED that the defendant's Motion for Extension of Time to File Notice of Appeal, Filing 257, is granted. Because the defendant has already filed a document that has been construed as a notice of appeal, no new deadline is set.

Dated this 9th day of December, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

3